Jackie L. DANIEL, Appellant,

v.

ARMCO STEEL COMPANY, L.P.; Robert L. Whittaker, Acting Director of Special Fund; Hon. Denis S. Kline, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 94–CA–001819–WC.

Court of Appeals of Kentucky.

Oct. 13, 1995.

Rehearing Denied Dec. 22, 1995.

Robert L. Templeton, Ashland, for Appellant.

David R. Allen, Louisville, for Appellee, Special Fund.

James D. Keffer, Vanantwerp, Monge, Jones & Edwards, Ashland, for Appellee, Armco Steel Co., L.P.

Before COMBS, JOHNSON and SCHRODER, JJ.

JOHNSON, Judge:

Jackie L. Daniel (Daniel) petitions for review of an opinion of the Workers' Compensation Board (Board) affirming the decision of Administrative Law Judge (ALJ) Denis S. Kline. ALJ Kline found Daniel to be 80 percent disabled with 15 percent attributed to the residual effects of a non-compensable back injury, leaving a net permanent partial disability award of 65 percent. In his petition Daniel once again raises one of the issues presented below, i.e., that the evidence compels a finding that his back injury is work-related. Having reviewed the record and applicable law, we affirm the Board but remand the claim to the ALJ for determination of the employer's costs and attorney's fees necessitated by this appeal.

 As stated in *Western Baptist Hospital v. Kelly*, Ky., 827 S.W.2d 685, 687–688 (1992), the function of the Court of Appeals

in reviewing decisions of the Workers' Compensation Board is to correct the Board only when we perceive that the Board has overlooked or misconstrued controlling law or committed an error in assessing the evidence so flagrant as to cause gross injustice. Finding neither to have occurred here, we routinely affirm. While the conclusion reached by the ALJ and affirmed by the Board is not the only one possible, it is clearly supported by substantial evidence. The ALJ in a thorough opinion carefully considered the evidence of record, as did the Board in affirming the decision. It would serve no purpose, and would be an abuse of power, for us as an appellate body twice removed from the fact-finding stage to substitute our judgment for that of the designated trier-of-fact when the evidence is so closely divided. Any attempt on our part to disturb the findings below, no matter how well-intentioned, would be as likely to create injustice as to remedy it. Ingrained in our jurisprudence is the realization that courts of review are simply in no position to second-guess the trier-of-fact on close factual issues.

■ We have no doubt that Daniel sincerely feels the wrong result was reached below, but we cannot conclude that there is a reasonable basis for an appeal. The law is abundantly clear that review by this Court is limited to those situations previously described. *Western Baptist Hospital, supra* at 688. In its brief before the Board, the employer advised that further appeal would result in a request for costs and attorney's fees. The employer before this Court has requested costs and attorney's fees and we think under the precedent of *Western Baptist Hospital* and *Peabody Coal Co. v. Goforth,* Ky., 857 S.W.2d 167 (1993), it is entitled to them.

■ As to the substantive issue raised in this appeal, we feel we cannot improve upon the Board's opinion and adopt the relevant text as follows:

BEFORE: ANGELUCCI, Chairman, and GREATHOUSE, Board Member.

ANGELUCCI, CHAIRMAN. Jackie L. Daniel ("Daniel") appeals from an Opinion and Award rendered September 24, 1993, by Administrative Law Judge Denis S. Kline ("ALJ"), and from an October 25,

1993 Order overruling his petition for reconsideration. Daniel contends that the evidence compels a finding that he suffered a work-related injury to his back and further that he is totally disabled.

Daniel, born November 12, 1950, has a high school education and began his employment with Armco Steel Company, L.P. ("Armco"), in May 1971. The claim sub judice was based on both a back injury and amputation of a finger.

Armco's clinical record reveals that Daniel had back complaints dating back to 1975. On February 18, 1990, he injured his back playing racquet ball (sic) and missed two days of work. He described this as a nagging backache to the upper right part of his back. Petitioner claims that on March 19, 1990, he suffered a low back injury while bending over and pulling unit cuts. He described this injury as different from the racquet ball (sic) pain, involving pain radiating down to his left leg.

\* \* \* \* \* \*

Regarding the back injury, Daniel was seen by Drs. John A. Bond, Jose L. Rodriguez, and Robert P. Goodman. The histories these physicians received and documents completed regarding this injury shed light on the issue of work-relatedness.

For example, a first notice of claim, sickness and accident benefits form was completed April 4, 1990, by petitioner and Drs. Bond and Rodriguez. They all responded negatively to, "Do you claim this disability is related to your work?" and "Is condition due to injury or sickness arising out of patient's employment?"

Dr. Bond examined Daniel on March 20, 1990, for neck and back pain radiating to the left leg. He noted a history of pain in the past, and his handwritten notes indicate that Daniel hurt it approximately a month ago but the pain had not begun until March 19, 1990. An office note from April 3, 1990[,] shows that the patient or his wife telephoned to indicate that he had been injured on March 19, 1990.

Dr. Rodriguez, a neurosurgeon, evaluated the claimant on April 4, 1990, upon

referral from Dr. Bond. He received a history of a March 19, 1990 injury as well as a severe back injury from about a year ago when Daniel lifted between 100 and 125 pounds. This corresponds with an April 26, 1989 wheelbarrow lifting incident, which is documented in Dr. Bond's office notes and Armco's clinical record. An April 5, 1990 discharge summary from King's Daughters' Medical Center reveals that Dr. Rodriguez received a history of back pain dating back several weeks after moving heavy objects and playing racquet ball (sic). The claimant also informed Dr. Rodriguez of the wheelbarrow incident and the development of increased back pain after bending over at work.

Dr. Rodriguez performed a microdiskectomy at L–5/S–1. The operation repaired the disc herniation, and the neurosurgeon permitted Daniel to return to work without restrictions.

Armco's clinical record contains the following relevant entries: On February 18, 1990, Daniel was off work due to back pain. This corresponds with the racquet ball (sic) injury. On March 20, 1990, Daniel was again off work due to back pain, indicating that he had hurt his back about a month prior and had experienced a flare-up. Armco received a telephone call from Dr. Rodriguez's office on April 4, 1990, informing that this was not a workers' compensation claim.

Dr. Goodman examined Daniel in June 1992 and received a history that he had experienced pain in his low back and left leg after reaching to pull on a unit cut. Dr. Goodman imposed 10% functional impairment based on the back and would restrict the claimant to lifting no more than 50 pounds. He also assessed 30% functional impairment based on the right hand injury and allowed that Daniel can work but is incapable of fine movements with his right hand. Dr. Goodman received no history of anything else which could have caused acute back pain resulting in the L5–S1 disc herniation.

\*  \*  \*  \*  \*  \*

In the Opinion and Award, the ALJ extensively summarized the lay and medical evidence. Regarding the alleged March 19, 1990 back injury, he concluded:

> I will first address the alleged March 19, 1990 back injury. The parties will please take note that I have read each and every deposition and exhibit which is relevant to the issue of whether or not the Plaintiff's initial back problems were work-related over and over again. In fact, I have "decided" these issues on several occasions, with different results. My decision to find against the Plaintiff is based upon the documentary evidence contained in the record and the fact that the Plaintiff bears the burden of proof. In particular, I rely upon the histories, or lack thereof, obtained by Drs. Rodriguez and Bond and the fact that the Plaintiff has clearly indicated, in exhibits filed, that his low back condition which manifested itself on March 19, 1990 was not work-related.

The ALJ did not find Daniel totally disabled because he had exhibited the ability to be regularly employed after his injuries. Acknowledging that chances for continued employment at Armco were bleak, he determined that Daniel was 80% occupationally disabled. He carved out 15% as prior active disability based on the noncompensable back injury.

Daniel petitioned for reconsideration making the same arguments as he does on appeal. On October 25, 1993, the ALJ overruled the petition, stressing that his findings were based on the documentary evidence and were not the result of his having found petitioner and his wife not worthy of belief.

Daniel's first claim of error is that the evidence compels a finding that his March 19, 1990 injury was work-related. He accuses the ALJ of relying on excerpts from various documents and taking them out of context. Daniel urges that the best evidence—from his wife, Drs. Rodriguez and Goodman, and him—establishes the work-relatedness of the injury.

Because Daniel was unsuccessful before the fact-finder, on appeal he must prove that the evidence compels a finding in his favor. *Paramount Foods, Inc. v. Burk-*

hardt, Ky., 695 S.W.2d 418 (1985). To be compelling, evidence must be so overwhelming that no reasonable person could reach the same conclusion as the ALJ. *REO Mechanical v. Barnes,* Ky.App., 691 S.W.2d 224 (1985). If the decision of the ALJ is supported by any substantial evidence of probative value, it cannot be reversed on appeal. *Special Fund v. Francis,* Ky., 708 S.W.2d 641 (1986).

As mentioned in the Opinion and Award, the ALJ obviously struggled with this issue. However, his determination is supported by the medical records completed soon after the alleged injury. Dr. Bond's early notes do not indicate that Daniel complained of a work injury in March 1990. Rather, they alluded to the February 1990 racquet ball (sic) injury. The first notice of claim forms, as completed by Daniel and Drs. Bond and Rodriguez within two weeks of the alleged injury, document that they did not consider the injury to have resulted from a work-related accident. This is further corroborated by Armco's clinical notes regarding Daniel's reasons for missing work in February and March 1990 and the call from Dr. Rodriguez's office that the injury would not involve workers' compensation.

While the ALJ could certainly have relied on other testimony to conclude that the injury was indeed work-related, the evidence does not compel this result. As the finder-of-fact, he has the sole authority to judge the weight, credibility, substance and inferences to be drawn from the evidence. *Paramount Foods, Inc. v. Burkhardt, supra.* Furthermore, he has the right to believe part of the evidence and disbelieve other parts, even if it comes from the same witness. *Caudill v. Maloney's Discount Stores,* Ky., 560 S.W.2d 15 (1977).

\*    \*    \*    \*    \*    \*

For the foregoing reasons, the Opinion and Award rendered September 24, 1993, by Administrative Law Judge Denis S. Kline is hereby AFFIRMED, and the appeal by Jackie L. Daniel is hereby DISMISSED.

ALL CONCUR.

The opinion of the Board is affirmed and the claim is remanded to the ALJ for a determination of the employer's costs and attorney's fees necessitated by this appeal.

All concur.