TWIN RESOURCES, LLC, Appellant

v.

Bobby WORKMAN; Dr. David L. Weinsweig; Hon. J. Landon Overfield, Chief Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2012–CA–001504–WC.

Court of Appeals of Kentucky.

Feb. 22, 2013.

418

W. Barry Lewis, Hazard, KY, for Appellant.

No Appellee brief filed.

Before KELLER, LAMBERT, and MOORE, Judges.

## OPINION

MOORE, Judge:

The issue presented in this case is whether, under the circumstances, a Chief Administrative Law Judge (CALJ) was authorized to enter an order resolving a post-award medical fee dispute that appellant Twin Resources, LLC, filed against appellee Bobby Workman. Finding that the CALJ acted in excess of his statutory and regulatory authority in doing so, the Workers' Compensation Board vacated the CALJ's order and remanded. Finding no error, we affirm.

The pertinent facts are largely reflected on the faces of two orders that the CALJ entered in this matter. The first order, dated September 28, 2011, provides:

This matter comes before the undersigned Chief Administrative Law Judge (CALJ) upon the Frankfort Motion Docket for consideration of a motion to reopen and Form 112, medical fee dispute. Therein, the Defendant Employer [Twin] is seeking to reopen Plaintiff's [Workman's] claim to resolve a dispute regarding the compensability of [Workman's] medical treatment, specifically treatment rendered or to be rendered by David Weinsweig, M.D. Therefore, being otherwise duly and sufficiently advised, IT IS HEREBY ORDERED as follows:

1. David Weinsweig, M.D. is JOINED as a party to this medical fee dispute in order to have the opportunity to present proof regarding the compensability of the contested medical expenses or proposed procedure.

2. [Twin] has made a prima facie showing for reopening and the motion to reopen is SUSTAINED and the claim is assigned to the CALJ.

3. Proof taking for all parties shall commence as of the date of this notice and shall extend for **fifteen (15) days**, followed by **thirty (30) days** for [Workman] and Dr. Weinsweig only, and **fifteen (15) days** thereafter for rebuttal by [Twin]. . . .

4. If no evidence is filed by Plaintiff or Dr. Weinsweig this matter may be submitted on the record to the CALJ and may result in this dispute being resolved based upon the pleadings and evidence in record.

**FAILURE OF THE CLAIMANT OR JOINED PROVIDER TO FILE EVIDENCE IN RESPONSE TO THE PROOF SUBMITTED IN SUPPORT OF THE MEDICAL FEE DISPUTE BY THE END OF THE PROOF DEADLINES MAY RESULT IN A FINDING THAT THE CHALLENGED TREATMENT IS NOT COMPENSABLE.**

On December 12, 2011, after no evidence or response was submitted by Workman or Dr. Weinsweig, the CALJ entered his second order. In relevant part, it provides:

This matter comes before the Chief Administrative Law Judge (CALJ) upon the Frankfort Motion Docket for consideration of a motion by [Twin] to contest certain medical expenses pursuant to K.R.S. 342.020. The motion was supported by the report of Richard Mortara, M.D., who opined that the contested medical treatment is not reasonable and necessary for the cure and relief from the effects of [Workman's] work-related injury. An order rendered on

September 28, 2011 granted [Workman] and the joined medical provider forty-five (45) days to submit evidence and noted that failure to do so may result in a summary resolution of the medical fee dispute. No evidence or any other type of response was filed by [Workman] or the joined medical provider. The CALJ having reviewed the pleadings and being fully and sufficiently advised thereby, **IT IS THEREFORE ORDERED** as follows:

1. [Twin] has established a prima facie showing to establish the basis for reopening and the motion to reopen is **GRANTED.**

2. The contested medical expenses are, based on the evidence and pleadings in the record, unreasonable and/or unnecessary for treatment of [Workman's] work-related condition pursuant to K.R.S. 342.020. Further, said expenses were timely challenged pursuant to *Phillip Morris, Inc. v. Poynter,* — Ky. ——, 786 S.W.2d 124 (1990).

Therefore, **IT IS HEREBY ORDERED** that the medical fee dispute is **RESOLVED** in favor of [Twin]. [Twin] is relieved from the responsibility of payment of the contested medical expenses and further is relieved from the responsibility of payment of any similar medical expenses for treatment of the same condition by the same medical provider.

Workman filed no petition for reconsideration. He timely appealed to the Workers' Compensation Board, arguing only that substantial evidence did not support the CALJ's decision to resolve the medical fee dispute in favor of Twin. Thereafter, the Board raised *sua sponte* the issue of whether the CALJ had acted in excess of his statutory and regulatory authority in resolving the medical fee dispute. The Board determined that *Crawford & Co. v. Wright,* 284 S.W.3d 136 (Ky.2009), along with 803 Kentucky Administrative Regulation (KAR) 25:012 § 1(6), prohibited the CALJ from assigning the matter of Twin's medical fee dispute to his own docket, as he did in this matter, and further prohibited the CALJ from "set[ting] up his own makeshift proof schedule which required Workman and Dr. Weinsweig to submit proof in contravention of that introduced by Twin Resources in its motion to reopen." As such, the Board held:

[O]nce the CALJ determines the party filing the motion to reopen and the Form 112 has made a prima facie showing in support of its motion to reopen, the CALJ is only authorized to sustain the motion and then assign the matter to an ALJ for further proof time and an adjudication of the merits. *Crawford & Co. v. Wright, supra,* at 141. The CALJ is to do no more.

Consequently, the Board vacated numerical paragraphs three and four of the CALJ's September 28, 2011 order and remanded to the CALJ for "entry of an order on Twin Resources' motion to reopen and Form 112 consistent with the view expressed in [the Board's] opinion."

On appeal, Twin offers essentially three arguments. First, Twin contends that because the issue of the CALJ's statutory and regulatory authority was never raised by Workman, the Board exceeded the scope of its review and therefore erred when it vacated the CALJ's order on that basis. Second, Twin argues that the CALJ had the authority to summarily resolve the medical fee dispute in its favor. Third, Twin argues that it submitted substantial evidence in support of its medical fee dispute and, because Workman failed to introduce any evidence to the contrary within the time limits set by the CALJ, there was nothing improper about the CALJ's decision.

Twin's first argument is without merit. Although the Board may not substitute its judgment for that of the ALJ as to questions of fact or weight of the evidence, Kentucky Revised Statute (KRS) 342.285 provides that the Board may determine whether the ALJ "acted without or in excess of his powers"[1] and whether "[t]he order, decision, or award is not in conformity to the provisions of [KRS Chapter 342 *et seq.*]"[2] Our Supreme Court has instructed that it is the Board's province on appeal to ensure that orders and awards of an ALJ are in conformity with Chapter 342, and thus, that determinations of whether an ALJ's award or order is in conformity with Chapter 342 is a question of law. *Whittaker v. Reeder*, 30 S.W.3d 138, 145 (Ky.2000). The Board has the authority to decide questions of law regardless of whether a petition for reconsideration is filed. *See, e.g., Bullock v. Goodwill Coal Co.*, 214 S.W.3d 890, 893–94 (Ky.2007); *Brasch–Barry General Contractors v. Jones*, 175 S.W.3d 81 (Ky.2005). Moreover, the Board may review a question of law, such as whether an ALJ's opinion or award is in conformity with Chapter 342, *sua sponte. Whittaker*, 30 S.W.3d at 144. An opinion or award rendered by a CALJ without or in excess of his statutory or regulatory powers is not in conformity with Chapter 342 and, therefore, the Board had the authority to raise this as an issue on its own motion.

This necessarily leads to the crux of Twin's second argument and the question of whether the CALJ did have the authority to resolve Twin's medical fee dispute in the manner that he resolved it below. In its own review, the Board recognized that the CALJ does have authority to summarily resolve medical fee disputes, but the Board determined that the CALJ's authority to do so did not apply under the circumstances of this case. We agree.

Pursuant to his statutory and regulatory duties, the CALJ presides over the Frankfort motion docket. 803 KAR 25:012 § 1(6)(c) provides that medical fee disputes are "assigned to the Frankfort motion docket, where [they] shall be either summarily decided upon the pleadings, or assigned to an administrative law judge for further proof time and final resolution." As explained in *Crawford*, 284 S.W.3d at 138, 803 KAR 25:012 § 1(6)(c) "simply permits a motion [to reopen for a medical fee dispute] that is not supported with an adequate *prima facie* showing to be denied summarily but a motion that is supported with the required showing to be assigned for further proof time and an adjudication of the merits." Thus, when the CALJ was faced with Twin's motion to reopen and he determined that Twin's motion to reopen was supported by a *prima facie* showing, the CALJ's only option thereafter was to assign Twin's motion for further proof time and an adjudication of the merits. Upon doing so, the CALJ's jurisdiction over the medical fee dispute would terminate. *See Crawford*, 284 S.W.3d at 141 ("Jurisdiction over medical disputes rests with the CALJ until they are assigned to *another* ALJ for an adjudication of the merits.") (Emphasis added).

Furthermore, we agree with the Board's determination that the CALJ had no authority, following his determination that Twin's motion to reopen was supported by an adequate *prima facie* showing, to then assign Twin's medical fee dispute to himself for a resolution on the merits or to otherwise retain jurisdiction. As a general matter, courts afford an ad-

[1].  *See* KRS 342.285(2)(a).

[2].  *See* KRS 342.285(2)(c).


ministrative agency's construction of its own regulations great weight when determining a regulation's meaning, and an administrative agency's construction of its statutory mandate is entitled to respect. *See Homestead Nursing Home v. Parker,* 86 S.W.3d 424, 426 (Ky.App.1999); *Crawford,* 284 S.W.3d at 140. Here, the Board's holding appears to be consistent with 803 KAR 25:012 § (1)6, along with KRS 342.230(8), which provides in relevant part that

> The chief administrative law judge shall not be assigned regular dockets but shall instead assist the commissioner by doing all scheduling of the administrative law judges, handling dockets assigned to the administrative law judges in case of an emergency, providing supervision of the administrative law judges, and providing educational opportunities for the administrative law judges.

■ Nothing in the record demonstrates that when the CALJ resolved Twin's medical fee dispute, the matter had been previously assigned to another administrative law judge, or that the CALJ was handling a docket assigned to an administrative law judge due to an "emergency." In any event, the role of this Court in reviewing decisions of the Board "is to correct the Board only when we perceive that the Board has overlooked or misconstrued controlling law or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Daniel v. Armco Steel Co., L.P.,* 913 S.W.2d 797, 798 (Ky.App.1995) (quoting *Western Baptist Hospital v. Kelly,* 827 S.W.2d 685, 687–88 (Ky.1992)). The Board's interpretation of its regulations and statutory mandate are reasonable. And because we agree with the Board's conclusion that the CALJ had no jurisdiction to resolve Twin's medical fee dispute on the merits, it is unnecessary to address whether the CALJ's order was supported by substantial evidence (*i.e.,* the third of Twin's arguments). In light of the above, we AFFIRM.

ALL CONCUR.