**Kimberly ROACH, Appellant**

v.

**OWENSBORO HEALTH REGIONAL HOSPITAL; Hon. Jonathan R. Weatherby, Administrative Law Judge; and Workers Compensation Board, Appellees**

**NO. 2015-CA-001696-WC**

Court of Appeals of Kentucky.

APRIL 7, 2017; 10:00 A.M.

BRIEF FOR APPELLANT: Daniel Caslin, Owensboro, Kentucky.

BRIEF FOR APPELLEE: John C. Morton, Henderson, Kentucky.

BEFORE: ACREE, D. LAMBERT AND JONES, JUDGES.

## OPINION

ACREE, JUDGE:

Kimberly Roach appeals from the October 8, 2015 decision of the Workers' Compensation Board vacating an Administrative Law Judge's conclusion that out-of-pocket medical expenses paid by Roach and an unpaid anesthesiology bill were compensable. We affirm.

Roach suffered a work-related injury on December 28, 2012, while employed as a certified nursing assistant at Owensboro Health Regional Hospital. Roach's orthopedist recommended physical therapy and released her to work two months later. Pain prevented Roach from returning to her former employment.

Roach requested a second opinion from Dr. Paul Perry, another orthopedist. Dr. Perry diagnosed post-traumatic right cubital tunnel syndrome caused by Roach's work-related injury. When conservative therapy yielded Roach no relief, Dr. Perry performed an ulnar nerve decompression of the right elbow. Dr. Perry released

Roach to return to unrestricted employment in August 2013, assigned a 3% whole person impairment rating, and found Roach had reached maximum medical improvement.

Roach filed a Form 101 seeking compensation for the 2012 injury. Owensboro Hospital stipulated Roach sustained a work-related injury, but contended the injury did not result in an impairment rating meriting an award of permanent income benefits.

A scheduling order was entered November 19, 2014, directing the parties to file copies of all known exhibits and to file a notice of contested issues ten days prior to the benefit review conference (BRC). Roach did not identify as exhibits any unpaid or out-of-pocket medical bills, and did not list "unpaid or contested medical expenses" as a contested issue in her pre-conference notice.[1]

The BRC produced no settlement. The ALJ, in conjunction with the parties, identified and memorialized in an order and memorandum the contested issues to be addressed at the formal hearing, including: benefits per KRS[2] 342.730; work-relatedness/causation; and temporary total disability benefits. (R. at 170). "Unpaid or contested medical expenses" was not marked as a contested issue. Roach's attorney signed the order as accurate. (*Id.*).

A formal hearing was held on March 24, 2015. The ALJ opened the hearing by identifying the contested issues the parties agreed on at the BRC. Again, "unpaid and contested medical expenses" was not mentioned. Roach's attorney confirmed the ALJ had accurately summarized the contested issues. (R. at 176).

Roach was the only testifying witness. During her direct and cross examinations, the issue of unpaid medical expenses was not addressed. However, on re-direct examination, for the very first time, Roach raised the issue of unpaid and out-of-pocket paid medical bills and identified those records as exhibits.[3] Roach testified she never submitted the bills to Owensboro Hospital or its medical payment obligor, KHA Solutions, for payment.

Over Owensboro Health's objection, the ALJ admitted the bills into evidence. The ALJ granted Owensboro Hospital two weeks to submit rebuttal evidence. No rebuttal evidence was provided.

By opinion and award rendered May 7, 2015, the ALJ found Roach had sustained a compensable injury to her right upper extremity resulting in a 3% whole person impairment. The ALJ awarded Roach permanent partial disability benefits, and future reasonable and necessary medical expenses associated with the treatment of her work-related injury. The ALJ did not specifically address the compensability of Roach's out-of-pocket and unpaid medical bills.

Owensboro Hospital filed a petition for reconsideration asking, *inter alia*, that the ALJ deny Roach's request for reimbursement and payment of the medical expenses at issue. Roach opposed the petition. The ALJ denied Owensboro Hospital's request, stating: Owensboro Hospital "has also

---

1. Roach identified as contested issues: extent and duration; temporary total disability; and medical treatment. (R. at 151).

2. Kentucky Revised Statute.

3. The medical bills at issue include: (1) an unpaid anesthesiology bill (in collections); (2) a statement from Hand Therapy reflecting charges and payments made by Roach from March 2013 through November 2014; and (3) a patient ledger from Tri-State Orthopedic Surgeon reflecting charges and payments made by Roach from February 2013 through August 2013.

challenged certain medical bills submitted by [Roach] at the final hearing as being untimely. The issue of unpaid or contested medical was not raised and as such the decision regarding the work relatedness of [Roach's] injury is dispositive." (R. at 245).

Owensboro Health appealed to the Board, asserting the ALJ erroneously failed to address the compensability of Roach's outstanding medical bills. It reiterated its position that the bills were not compensable because Roach did not disclose the bills until her re-direct examination at the final hearing in violation of Kentucky's regulatory provisions governing workers' compensation proceedings. The Board found Owensboro Hospital's argument to have merit. After comprehensively examining the regulations at issue, the Board reasoned:

> The first time Roach raised [the issue of unpaid and contested medical bills] was on re-direct at the hearing when she testified about the medical bills and sought to introduce them as a collective exhibit.
>
> Roach's attempt to introduce the bills on re-direct was improper. As a general rule, re-direct is limited to covering testimony given on cross-examination. Offering testimony regarding unpaid medical bills and the attempt to introduce evidence concerning the medical bills during the hearing without previously complying with the regulations was also improper. This is particularly true since Roach did not identify unpaid or contested medical expense as a contested issue in the BRC Order. Thus, the ALJ committed an abuse of discretion by allowing Roach to introduce as exhibits the medical bills for which she sought reimbursement and payment. . . .
>
> Further, we take issue with Roach's characterization Owensboro Hospital is

arguing the minutia of workers' compensation regulations. Owensboro Hospital appropriately contested Roach's failure to comply with these administrative regulations governing the proceedings before the ALJ including those pertaining to the resolution of any disputes concerning contested medical treatment and/or unpaid medical bills.

We decline to hold the ALJ could properly resolve the compensability of unpaid medical bills when Roach has utterly failed to comply with any of the regulations regarding the introduction of exhibits and failed to identify unpaid and contested medical expenses as a contested issue. At the very least, once the claim was instituted Roach should have filed all documents in support of her contention that these bills should be paid so the issues could be fully addressed by the parties. Importantly, the [surgical and therapy ledgers] reflect [Roach] began making payments on both bills sometime in the first quarter of 2013 which is approximately a year and a half before her claim was filed on November 4, 2014.

In summary, Owensboro Hospital was entitled to receive the bills prior to or at the time of the BRC in order to determine whether to resist Roach's claim the bills are compensable. Producing the bills in question and seeking to introduce the bills on re-direct examination at the formal hearing is not the appropriate time to raise entitlement to payment of these bills as an issue to be decided by the ALJ. The regulations contained within 803 KAR[4] 25:010 are designed to allow the parties to identify the issues, review all exhibits, and to introduce the proof necessary to address the other parties' position. Since Roach failed to notify Owensboro Hospital of

4. Kentucky Administrative Regulation.

the specific bills, did not identify the bills as exhibits, nor identify unpaid or contested medical expenses as a contested issue, she has waived her right to have the ALJ order Owensboro Hospital to pay the bills in question.

(R. at 316-18).

Roach appealed to this Court.

Roach argues the ALJ did not abuse its discretion in accepting evidence from her at the final hearing, and the Board erred in finding otherwise. She further contends she never waived her right to recover her medical expenses.

■ While the Board may not substitute its judgment for that of the ALJ as to questions of fact or weight of the evidence, our Supreme Court has instructed that it is the Board's province on appeal to determine whether the ALJ's decision is erroneous as a matter of law. *Whittaker v. Reeder,* 30 S.W.3d 138, 144 (Ky. 2000). Notably, KRS 342.285 directs that the Board is empowered to determine whether the ALJ "acted without or in excess of his powers" and whether "[t]he order, decision, or award is not in conformity to the provisions of" KRS Chapter 342. KRS 342.285(a), (c). This is a legal inquiry which this Court reviews *de novo. See Whittaker,* 30 S.W.3d at 144.

■ The Board's construction of its own regulations is entitled to respect. *Homestead Nursing Home v. Parker,* 86 S.W.3d 424, 426 (Ky. App. 1999). The courts afford an administrative agency's regulatory interpretation great weight particularly when determining a regulation's meaning and contours. *Crawford & Co. v. Wright,* 284 S.W.3d 136, 140 (Ky. 2009).

■ Here, the Board concluded the regulation at issue—803 KAR 25:010 § 13—is compulsory in nature. It further found Roach's complete failure to comply with any of the regulation's provisions regarding the introduction of exhibits and the identification of contested issues prevented the ALJ from resolving the compensability of the unpaid and out-of-pocket paid medical bills. The Board's decision appears to be consistent with 803 KAR 25:010 § 13.

■ Subsection (9) of that regulation provides the plaintiff/employee *"shall* bring to the BRC copies of known unpaid medical bills not previously provided and documentation of out-of-pocket expenses[.]" 803 KAR 25:010 § 13(9)(a) (emphasis added). This regulation is framed using the word shall. Concisely stated, "[s]hall means shall." *Hazard Coal Corp. v. Knight,* 325 S.W.3d 290, 296 (Ky. 2010). It is a word of command not subject to disregard. *Id.* Despite the regulation's compulsory nature, Roach did not identify any of the bills at issue as exhibits or bring copies of them to the BRC. She simply made no mention of the bills at all.

The BRC's purpose to expedite the processing of workers' compensation claims, to avoid the need for a formal hearing by resolving controversies and, if a hearing is unavoidable, to narrow and define the contested issues. 803 KAR 25:010 § 13(1), (11), (12). Roach thwarted these purposes by utterly failing to comply with the regulation's mandates.

These are not the only subsections with which Roach chose not to comply. 803 KAR 25:010 § 13 also provides:

(11) If at the conclusion of the BRC the parties have not reached agreement on all the issues, the administrative law judge *shall*:

(a) Prepare a final BRC memorandum and order including stipulations and identification of all issues, which shall be signed by all parties or if represented, their counsel, and the administrative law judge; and

(b) Schedule a final hearing.

(12) Only contested issues *shall* be the subject of further proceedings.

*Id.* (Emphasis added). "At the hearing, the parties shall present proof concerning **contested** issues." 803 KAR 25:010 § 19(1) (emphasis added). Roach did not identify in the BRC order "unpaid or contested medical expenses" as a contested issue to be resolved by the ALJ at the formal hearing, but nonetheless raised and presented proof of the disputed medical bills at the hearing. We agree with the Board that Roach was not at liberty to evade the regulation's mandatory components.

To compound the problem, Roach made no mention of the bills during her direct examination. Not a word was said about her unpaid and out-of-pocket medical expenses until *re-direct* examination. This was Owensboro Hospital's first notice of the bills. As noted, Roach admitted she never submitted the bills to Owensboro Hospital prior to the BRC or formal hearing. While Owensboro Hospital was aware Roach had received additional medical treatment, it had no knowledge of the specific bills at issue.

Roach's actions in this matter are akin to a litigant showing up at trial without having complied with the trial court's pretrial discovery order, without having exchanged all discovery, and without having notified the other side of all the issues for trial, and then raising the issue and corresponding exhibits for the first time on re-direct examination. No trial judge would tolerate such blatant abuse of the civil rules and its orders. Neither should the Board. The Board should be no less empowered to force compliance with the procedural regulations governing workers' compensation claims.

The role of this Court in reviewing decisions of the Board "is to correct the Board only when we perceive that the Board has overlooked or misconstrued controlling law or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Daniel v. Armco Steel Co., L.P.*, 913 S.W.2d 797, 798 (Ky. App. 1995) (quoting *Western Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992)). The Board's interpretation of its regulations is reasonable. We agree with the Board's conclusion that the ALJ abused its discretion when it admitted the bills into evidence and that the ALJ's order does not comport with Chapter 342 and 803 KAR 25:010.

We, like the Board, are mindful that some might view our decision as harsh. After all, the record reflects these medical bills are related to Roach's surgery, which was deemed by the ALJ to be compensable. Regulatory procedural rules, like our civil procedural rules, have purpose and meaning. Failure to heed rules yields consequences. The Board's decision in this matter is indicative of Roach's degree of failure to comply.

To the extent Roach's brief presents additional arguments, we find they are without merit.

We affirm the October 8, 2015 Opinion of the Workers' Compensation Board.

ALL CONCUR.