RENDERED: MARCH 8, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0920-WC

IHG HOTELS AND RESORTS                                         APPELLANT

                        PETITION FOR REVIEW OF A DECISION
v.                   OF THE WORKERS' COMPENSATION BOARD
                              ACTION NO. WC-19-81843

ANA ALEXANDER; HONORABLE
TONYA M. CLEMONS,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

ACREE, JUDGE:  Appellant, IHG Hotels & Resorts, appeals the July 1, 2022

opinion of the Workers' Compensation Board (the Board) affirming the

Administrative Law Judge's (ALJ) award of benefits to Appellee, Ana Alexander. Having considered this appeal, we affirm.

Appellant employed Appellee as a housekeeper from April 23, 2019, to May 5, 2019. On May 5, Appellee fell while working and injured her cervical and lumbar spine, left wrist, and left knee. Appellee's daughter took her to an emergency room for her injuries, but the hospital released Appellee to return to work the same day. The following day, Appellee arrived at work but shortly left after experiencing pain from her injuries. Appellee sought treatment for her injuries, which included physical therapy and pain medication. Appellee also sought Workers' Compensation benefits for her injuries, and several doctors evaluated her and her condition for purposes of determining her compensation. The doctors reached different conclusions.

On January 19, 2022, the ALJ conducted a hearing to determine the compensation to which Appellee may be entitled. On the issue of what date in the course of her treatment Appellee reached maximum medical improvement (MMI),[1] the ALJ heard from several doctors. Dr. Grossfeld indicated Appellee reached MMI for her work-related injuries on August 8, 2019. Dr. Kakel speculated Appellee reached MMI at 8 weeks after her injuries (a little over two years before

---

[1] MMI "refers to the time at which a worker's condition stabilizes so that any impairment may reasonably be viewed as being permanent." *Tokico (USA), Inc. v. Kelly*, 281 S.W.3d 771, 775-76 (Ky. 2009).

he examined her). Finally, Dr. Fadel noted Appellee had reached MMI when he evaluated her on June 17, 2021, "if no further treatment is anticipated." The ALJ heard substantially more evidence, none of which is relevant to this appeal.

After hearing this testimony, the ALJ made her findings of fact, which included: (1) Appellee reached MMI on her cervical spine and left wrist injuries on May 15, 2019, finding Dr. Grossfeld's testimony on this matter persuasive, (2) Appellee reached MMI on her lumbar spine injuries on August 8, 2019, again finding Dr. Grossfeld's testimony on this matter persuasive, and (3) Appellee reached MMI on her left knee injury on June 17, 2021, finding Dr. Fadel's testimony on this matter persuasive. The ALJ then awarded Appellee temporary total disability (TTD) benefits through June 17, 2021. Appellant appealed this order to the Board, who affirmed the ALJ's award. This appeal follows. On appeal, "the role of [appellate courts] in reviewing decisions of the Board 'is to correct the Board only when we perceive that the Board has overlooked or misconstrued controlling law or committed an error in assessing the evidence so flagrant as to cause gross injustice.'" *Twin Resources, LLC v. Workman*, 394 S.W.3d 417, 422 (Ky. App. 2013) (quoting *Daniel v. Armco Steel Co., L.P.*, 913 S.W.2d 797, 798 (Ky. App. 1995) ((quoting *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992))). Crucial to the analysis we undertake here: "The

[B]oard shall not substitute its judgment for that of the [ALJ] as to the weight of evidence on questions of fact." KRS[2] 342.285(2).

Pursuant to KRS 342.285, the ALJ is the finder of fact in workers' compensation actions. KRS 342.285(2). "[A]s the fact-finder, the ALJ, not this Court and not the Board, has sole discretion to determine the quality, character, and substance of the evidence." *Abbott Lab'ys v. Smith*, 205 S.W.3d 249, 253 (Ky. App. 2006) (citing *Whittaker v. Rowland*, 998 S.W.2d 479, 481 (Ky. 1999)). "Not only does the ALJ weigh the evidence, but the ALJ may also choose to believe or to disbelieve any part of the evidence, regardless of its source." *Id.* (citing *Whitaker*, 998 S.W.2d at 481). This is because the ALJ is in the best position to make judgment calls as to the evidence presented. Accordingly, where an award "is supported by substantial evidence, it may not be disturbed." *Beth-Elkhorn Corp. v. Dotson*, 428 S.W.2d 32, 34 (Ky. 1968); *see also Emps.' Liability Assurance Corp. v. Gardner*, 263 S.W. 743 (Ky. 1924) ("Unless there is an entire absence of substantial and credible evidence to support the board's finding of facts, this court, in the absence of fraud, cannot disturb it.").

At issue is whether the ALJ erred in concluding Appellee did not achieve MMI until June 17, 2021. To support its claims of error, Appellant advances three arguments, none of which persuades this Court.

---

[2] Kentucky Revised Statutes.

First, Appellant contends Dr. Fadel's testimony is inherently ambiguous because the date he said MMI was achieved was the same date he first examined her. We see no ambiguity in a determination that, on the first day Dr. Fadel could make such a determination with any degree of medical certainty, June 17, 2021, he concluded she reached MMI. Assessment that MMI occurred before he saw her would have been speculation. Appellant cites no authority supporting a contrary argument.[3] Dr. Fadel's testimony is substantial evidence supporting the ALJ's decision. Even assuming *arguendo* our agreement with Appellant's position, the ALJ's reliance on Dr. Fadel's testimony is not "so flagrant as to cause gross injustice." *Twin Resources*, 394 S.W.3d at 422 (citations omitted). This argument does not persuade us that the ALJ's findings of fact should be disturbed.

Similarly, Appellant's belief the date chosen by Dr. Fadel was arbitrary cannot be a basis for disturbing her findings of facts. Appellant contends the date is arbitrary to the same extent Appellant's office assistant could have scheduled her visit, arbitrarily, at any time. We disagree. Dr. Fadel would have had to determine whether Appellee had or had not reached MMI on whatever date he saw her, regardless of the date his assistant chose to schedule her. Obviously, the ALJ considered any proof of an earlier date to be unpersuasive. That

---

[3] Appellant cites no caselaw in support of any of its arguments.

determination of the persuasiveness of the evidence is within the exclusive purview of the ALJ.

Finally, Appellant claims error in Dr. Fadel's testimony as the date he chose involved the consideration of injuries which were not work-related. Again, the ALJ considered voluminous medical records and medical testimony concerning Appellee's injuries. Nothing in the ALJ's order constitutes an arbitrary decision on her part. The ALJ heard several conflicting facts in the testimony and medical reports presented to her, and she determined which to believe and which to cast aside. This is fully in line with her duty to sort through the evidence and give it appropriate weight. It was well within her discretion to choose Dr. Fadel's date of MMI over others. In doing so, she considered and weighed any evidence that Dr. Fadel's date of MMI included injuries which were not work-related. Nothing in the record indicates substantial evidence did not support this conclusion. Accordingly, Appellant's argument cannot prevail on this point.

Each of Appellant's arguments challenges the ALJ's discretion to find facts – a role statutorily carved out exclusively for ALJs. The Board did not substitute its judgment of this factfinding, and neither will this Court.

For the aforementioned reasons, we affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

Rodney J. Mayer
Louisville, Kentucky

BRIEF FOR APPELLEE:

Melissa Anderson Hofe
Louisville, Kentucky